# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTHONY LOYER,      Case No. 1:13-cv-773
   Plaintiff,

            Dlott, J.
   vs          Bowman, M.J.

J. WHORTON, et al.,      **ORDER AND REPORT**
   Defendants.     **AND RECOMMENDATION**

Plaintiff, a prisoner at the Warren Correctional Institution (WCI), brings this *pro se* civil rights action under 42 U.S.C. § 1983 against defendants J. Whorton, Marty Jones, George Crutchfield, the Ohio Department of Rehabilitation and Correction, Kim McGlothen, John Doe Assistant Chief Inspector, and John/Jane Does 1-100.  (Doc. 1).  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The  complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that defendants violated his First Amendment rights by interfering with the receipt of legal mail.  Plaintiff claims that Reverend Jim McCloskey mailed to him by certified mail several affidavits that "would cause Plaintiff to be granted a new trial under Ohio Criminal Rule 33(B)."  (Doc. 1, p. 8).  According to plaintiff, he received notice that his mail had been opened outside his presence and that a "five-page" rule was being enforced pursuant to ODRC Policy 61-PRP-01, which he claims was enacted to prevent inmates from receiving voluminous internet copies and non-legal papers.  *Id.*  However, plaintiff maintains that the rule was not intended to apply to legal mail and, therefore, was improperly invoked on his time-sensitive legal materials.  *Id.*  Plaintiff claims that as a result, he suffered actual injury in the form of not being able to timely file documents necessary to challenge his conviction.  *Id.*

For relief, plaintiff seeks declaratory relief, a preliminary and permanent injunction for defendants not to destroy the documents that are the subject of his complaint and for defendant ODRC to provide meaningful access to the courts by mandating that Warren Correctional staff treat certified mail as legal mail, and compensatory and punitive damages.  *Id.* at 9.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's First Amendment claims against defendants Whorton and Jones in their individual capacities are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's official capacity claims seeking non-monetary relief against defendants Whorton and Jones may also proceed at this stage of the proceedings.

However, it is **RECOMMENDED** that the following portions of the complaint should be dismissed at the screening stage because it is clear from the face of the pleading that plaintiff has failed to state a claim upon which relief may be granted:

(1) First, plaintiff's claims against defendants in their official capacities must be dismissed to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir.

2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

(2)     Plaintiff's claims against defendant Ohio Department of Rehabilitation and Corrections (ODRC) should be dismissed because the ODRC is not a person subject to suit under § 1983.  Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.  *Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983); *Powell v. Cook County Jail,* 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a "person" for § 1983 purposes); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same); *Mitchell v. Chester County Farm Prisons,* 426 F. Supp. 271, 274 (E.D. Penn. 1976) (same). *See also Dauban v. Marquette County Jail*, No. 2:06-cv-65, 2006 WL 2700747, at *3 (W.D. Mich. Sept. 18, 2006) (and cases cited therein).

(3)  Plaintiff's claims against defendants Crutchfield, McGlothen, and "John Doe Assistant Chief Inspector" should also be dismissed.  Plaintiff seeks to hold defendant Crutchfield liable because of his supervisory position as the warden at WCI.  (*See* Doc. 1, Complaint p. 2).  *Respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability.  *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees."  *Bellamy v.*

5

*Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Section 1983 liability is premised on active

unconstitutional behavior and not a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899

(6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The mere fact that

defendant Crutchfield was the warden at the time the facts alleged in the complaint took place

is not enough to impose liability on him under section 1983.

Plaintiff seeks to hold defendants McGlothen and "John Doe Assistant Chief Inspector"

liable for their dismissal of plaintiff's administrative grievance.  (*See* Doc. 1, Complaint p. 2).

However, the mere fact that a supervisor denied an administrative grievance and failed to

remedy allegedly unconstitutional behavior is insufficient to support a claim under §1983.

*Shehee,* 199 F.3d at 300.  *See also Tipton v. Corr. Med. Serv.*, No. 1:08-cv-421, 2009 WL

2135226, at *4 (W.D. Mich. July 15, 2009).

Plaintiff's conclusory allegation that these defendants "encouraged and condoned the

unlawful actions of Defendants Whorton and Jones who were initially involved in the unlawful

withholding of Plaintiff's legal papers" (Doc. 1, Complaint p. 2), is insufficient to state a claim

upon which relief may be granted.

(4). Finally, plaintiff's claims against "John/Jane Does x 100" should be dismissed.

Plaintiff has failed to identify who these defendants are or on what basis he seeks to hold them

liable.  Absent any factual allegation against these individuals, plaintiff's complaint should be

dismissed against these unnamed defendants.

Accordingly, in sum, it is **RECOMMENDED** that the following claims be dismissed

for failure to state a federal claim for relief under § 1983:  (1) plaintiff's claims seeking

monetary relief from all defendants in their official capacities; (2) plaintiff's claims against

defendant ODRC; (3) plaintiff's claims against defendants Crutchfield, McGlothen, and John

Doe Assistant Chief Inspector; and (4) plaintiff's claims against "John/Jane Does x 100." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Having found that plaintiff has stated claims for relief against defendants Whorton and Jones, these claims may proceed.

## IT IS THEREFORE RECOMMENDED THAT:

The following claims be dismissed for failure to state a federal claim for relief under § 1983:  (1) plaintiff's claims seeking monetary relief from all defendants in their official capacities; (2) plaintiff's claims against defendant ODRC; (3) plaintiff's claims against defendants Crutchfield, McGlothen, and John Doe Assistant Chief Inspector; and (4) plaintiff's claims against "John/Jane Does x 100."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants J. Whorton and Marty Jones as directed by plaintiff.  All costs of service shall be advanced by the United States.

2.  Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


       *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTHONY LOYER,                                    Case No. 1:13-cv-773
          Plaintiff,

                                                  Dlott, J.
          vs                                      Bowman, M.J.

J. WHORTON, et al.,
          Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.  That period may be extended further by the Court on timely

motion by either side for an extension of time.  All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.  Failure to make objections in accordance with this

procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9