UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY LOYER,

    Plaintiff,

  v.

J. WHORTON, et al.,

    Defendants.

Case No. 1:13-cv-773

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Warren Correctional Institution (WCI), brings this pro se civil rights action under 42 U.S.C. § 1983 against defendants J. Whorton, Marty Jones, George Crutchfield, the Ohio Department of Rehabilitation and Correction, Kim McGlothen, John Doe Assistant Chief Inspector, and John/Jane Does 1-100. (Doc. 1).[1] This matter is now before the Court on Defendants Whorton and Jones' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 18) and the parties' responsive memoranda. (Docs. 24, 25). For the reasons that follow, the undersigned finds that Defendants' motion should be **GRANTED**.

**I.    Background and Facts**

Plaintiff's complaint alleges that Defendants violated his First Amendment rights by interfering with the receipt of legal mail. Plaintiff claims that Reverend Jim McCloskey mailed to him, by certified mail, several affidavits that "would cause Plaintiff to be

---

[1] Upon initial screening of the complaint pursuant to 28 U.S.C. § 1915, the following claims were dismissed: (1) Plaintiff's claims seeking monetary relief from all defendants in their official capacities; (2) plaintiff's claims against defendant ODRC; (3) plaintiff's claims against defendants Crutchfield, McGlothen, and John Doe Assistant Chief Inspector; and (4) plaintiff's claims against "John/Jane Does 1-100." (Doc. 21).

granted a new trial under Ohio Criminal Rule 33(B)." (Doc. 1, p. 8). According to Plaintiff, he received notice that his mail had been opened outside his presence and that a "five-page" rule was being enforced pursuant to ODRC Policy 61-PRP-01, which he claims was enacted to prevent inmates from receiving voluminous internet copies and non-legal papers. *Id*. However, Plaintiff maintains that the rule was not intended to apply to legal mail and, therefore, was improperly invoked on his time-sensitive legal materials. *Id.* Plaintiff claims that as a result, he suffered actual injury in the form of not being able to timely file documents necessary to challenge his conviction. *Id.*

For relief, Plaintiff seeks declaratory relief, a preliminary and permanent injunction for Defendants not to destroy the documents that are the subject of his complaint and for Defendant ODRC to provide meaningful access to the courts by mandating that Warren Correctional staff treat certified mail as legal mail, and compensatory and punitive damages. *Id.* at 9.

**II.     Standard of Review**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly,* 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

3

Finally, the Court must "scrutinize with special care" a motion to dismiss a complaint filed under a civil rights statute." *See Perry v. McGinnis*, 209 F.3d 597, 603 (6th Cir. 2000) (citing *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir. 1985)). With these principles in mind, the Court reviews plaintiff's complaint.

### III. Analysis

To establish a valid claim under § 1983, Plaintiff must prove that a person acting under color of state law subjected him (or caused him to be subjected) to the deprivation of a right secured by the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Sixth Circuit has held that a prisoner has *some* First Amendment rights to receive mail, subject to the right of prison officials to open incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). By contrast, the right of a prisoner to receive legal mail is considered to be a basic, fundamental right deserving of special treatment. *Id.*

The Sixth Circuit has defined legal mail to mean the delivery to a prisoner of legal materials which are properly and clearly marked as such. *Id.* See also *Wolff v. McDonnell,* 418 U.S. 539, 576-577 (1974) ("We think it is entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment. It would also certainly be permissible that prison authorities require that a lawyer desiring to correspond with a prisoner, first identify himself and his client to the prison officials, to assure that the letters marked privileged are actually from members of the bar"); *Boswell v. Mayer,* 169 F.3d 384, 389 (6th Cir. 1999) (Upholding as

4

constitutional mail regulations requiring legal mail from the Attorney General or a prosecuting attorney to have marked on the outside of the envelope both the return address of the licensed attorney and notification of the mailing's privileged contents).

In assessing whether a state has violated an inmate's First and Fourteenth Amendment right of access to the courts, courts ask whether the claimant has demonstrated an actual injury and, if so, whether the claimant has alleged that more than mere negligence by the state actor caused the injury. *Lloyd v. Mohr,* 2014 WL 111172 (S.D. Ohio 2014). Thus, although prison officials may not erect barriers that impede an inmate's ability to attack a sentence or challenge conditions of confinement, an inmate who claims his access to courts was denied fails to state a claim without any showing of prejudice to his litigation. *Kensu v. Haigh*, 87 F.3d at 175. Moreover, a plaintiff's claim that a right of access to the courts has been impeded requires him to allege intentional conduct interfering with his legal mail. *Id.*, citing *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005).

As detailed above, Plaintiff's complaint alleges that defendants violated his First Amendment rights by interfering with the receipt of legal mail. Defendants' now seek dismissal of Plaintiff's claims against them on two grounds: (1) the mail at issue is not legal mail and therefore is not deserving of special treatment; and (2) the claimant has not demonstrated an actual injury caused by intentional or reckless acts by the defendants. (Doc. 18). Defendant's contentions are well-taken and the undersigned agrees that Plaintiff's claims against defendants should be dismissed.

First, as noted by Defendants, the complaint admits that the certified mail opened outside of Plaintiff's presence was sent by Reverend Jim McCloskey, a non-attorney.

5

Since the complaint is utterly devoid of any allegation that the certified mail in question was properly and clearly marked as containing legal materials, it neither constituted legal mail nor was it entitled to any special treatment. *Kensu v. Haigh*, 87 F.3d at 174.

Next, Plaintiff's complaint fails to allege any facts showing Defendants deliberately withheld Plaintiff's mail with the intent to obstruct his access to court. Liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *Lloyd v. Mohr,* 2014 WL 111172 (S.D. Ohio 2014). Thus, without being advised that the certified mail allegedly contained legal documents, Defendants could not have violated Plaintiff's right of access to the courts simply by opening the mail outside his presence or by enforcing the five page rule, ODRC Policy 61-PRP-01 VI.G.1.d., which limits First Class mail enclosures to five single pages of copied material. As noted by Defendants, mere negligence is not actionable under §1983. *Lloyd v. Mohr*, 2014 WL 111172 (S.D. Ohio 2014). Given the recognized need of prison authorities to inspect incoming mail for contraband, adherence to an accepted mail policy cannot establish the requisite intent for an access to court claim. *Id.* Accordingly, Plaintiff has failed to state a plausible §1983 claim because he alleges no facts to show that Defendants acted with the intent to impede his access to the courts.

Last, Plaintiff fails to allege that the withholding of his alleged legal materials resulted in actual prejudice or injury. He has not alleged facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on the defendants' conduct. Plaintiff alleges that without the legal mail that was sent to him, he was unable to timely file documents necessary to challenge his conviction and conditions of his confinement. However,

Plaintiff's complaint fails to include any facts or allegations identifying the documents withheld, whether they could have been resent in separate mailings, or if, or when, the brief or motion challenging his conviction and/or conditions of confinement was due to be filed. In light of the foregoing, the undersigned finds that Plaintiff's complaint fails to allege any facts demonstrating that any injury was caused by any intentional or reckless act of the Defendants.

### IV. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss for failure to state a claim (Doc. 18) be **GRANTED,** and this matter **TERMINATED** on the active docket of the Court.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY LOYER,

    Plaintiff,

v.

J. WHORTON, et al.,

    Defendants.

Case No. 1:13-cv-773

Dlott, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).